**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HCMF CORPORATION, d/b/a Heritage
Hall-Big Stone Gap,
<u>Plaintiff-Appellee,</u>

v.

DISTRICT 28, UMWA,
<u>Defendant-Appellant,</u>                          No. 96-2304

and

AMERICAN ARBITRATION ASSOCIATION;
JEROME T. BARRETT, Arbitrator,
individually,
<u>Defendants.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James C. Turk, District Judge.
(CA-96-62-A)

Argued: June 5, 1997

Decided: July 9, 1997

Before RUSSELL, HAMILTON, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Daniel H. Sachs, UNITED MINE WORKERS OF
AMERICA, DISTRICT 28, Castlewood, Virginia, for Appellant.

Bayard Easter Harris, THE CENTER FOR EMPLOYMENT LAW, P.C., Roanoke, Virginia, for Appellee. **ON BRIEF:** John Alexander Boone, THE CENTER FOR EMPLOYMENT LAW, P.C., Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The HCMF Corporation ("HCMF"), operator of Heritage Hall nursing home, dismissed Lucille Dean, a nursing assistant, on September 8, 1995, for an incident involving a nursing home resident that occurred six days earlier. At the time of Dean's dismissal there was no collective bargaining agreement ("CBA") in effect between HCMF and the United Mine Workers of America (the "UMWA"), which represented Dean. The parties had yet to negotiate a new CBA and the previous CBA had expired on January 10, 1995 ("the old CBA"). Nonetheless, in October 1995, Dean filed a wrongful discharge grievance against HCMF, and the UMWA made a demand for the arbitration of Dean's grievance with the American Arbitration Association (the "AAA") pursuant to the terms of the general arbitration provision in the old CBA. HCMF refused to arbitrate and urged the AAA to dismiss the UMWA's arbitration demand.

On February 20, 1996, the parties entered into a new CBA, which had a retroactive effective date of January 1, 1996 ("the new CBA"). Two months later the AAA appointed an arbitrator to hear and determine Dean's grievance. HCMF immediately challenged UMWA's action in district court. HCMF sought to enjoin the arbitration of Dean's grievance pursuant to the old CBA (Count I). It also sought damages for the UMWA's alleged breach of a settlement agreement between HCMF and the UMWA (Count II).

2

The district court granted summary judgment in favor of HCMF on Count I. It reasoned the dispute concerning Dean's discharge did not arise out of the old CBA, and the old CBA did not provide for postexpiration arbitration. Accordingly, the district court enjoined the arbitration of Dean's grievance. This appeal followed. Count II is still pending in the district court.

I.

The UMWA contends the district court erred by granting HCMF summary judgment on Count I and by enjoining the arbitration of Dean's wrongful discharge claim. First, the UMWA asserts that HCMF's obligation to arbitrate Dean's grievance survived the expiration of the old CBA. Alternatively, it argues that Dean's grievance is arbitrable under the new CBA. We review the grant of summary judgment de novo.[1] HCMF is entitled to summary judgment if there is no genuine issue of material fact for trial.[2]

A.

Arbitration is a matter of private contract.[3] Whether a party is bound to arbitrate, and whether the disputed issue is arbitrable, is a question for the court.[4] The court, however, will not compel a party to arbitrate unless the party has contractually consented to arbitrate its disputes.[5] In labor relations cases, the arbitration provision of the expired agreement survives the expiration of the agreement and compels the employer to arbitrate the grievance only when the postexpiration grievance arises out of the expired agreement. [6] A postexpiration grievance arises under the agreement:

---

[1] **Nguyen v. CNA Corp.**, 44 F.3d 234, 236 (4th Cir. 1995).
[2] Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[3] Glass v. Kidder Peabody & Co. Inc., No. 91-1756, 1997 WL 269344, at *6 (4th Cir. May 22, 1997).
[4] Id. at *7.
[5] AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648 (1986).
[6] Litton Fin. Printing Div. v. NLRB, 501 U.S. 190, 205-06 (1991).

3

only where it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement.[7]

In the instant case, HCMF and the UMWA entered into the old CBA on January 11, 1993. The CBA contained a general arbitration provision, which provided for the arbitration of disputes involving the interpretation and application of the terms of the agreement. The arbitration provision did not contain a rollover provision, nor did it expressly provide for the postexpiration arbitration of grievances arising after the CBA's expiration date. The CBA expired by its own terms on January 10, 1995. HCMF dismissed Dean nine months after the CBA's expiration, but four months before January 1, 1996 -- the effective date of the new CBA.

The UMWA insists that the old CBA granted Dean a vested or accrued right to be dismissed only for just cause. Even if UMWA is right, we find no basis for the UMWA's assertion that this right survived the expiration of the agreement. We believe HCMF and the UMWA did not contract to arbitrate grievances arising after January 10, 1995. Article 27 of the old CBA specifically states that "[a]ll rights and benefits inuring to Employees under the terms and provisions of this Agreement shall terminate on the last day of this Agreement, notwithstanding anything to the contrary." Accordingly, we hold that any right to arbitrate her dismissal expired when the agreement expired.

We also conclude that Dean's grievance did not arise out of the old CBA. Her dismissal was performance related and involved facts and occurrences that arose nine months after the CBA's expiration date. Accordingly, Dean's discharge did not arise out of the old CBA.

_____

**7** **Id.** at 206.

4

B.

Next we turn to the UMWA's alternate theory that HCMF is obligated to arbitrate Dean's grievance under the new CBA. We disagree for the following reasons. The parties signed the new CBA on February 20, 1996, but agreed to a retroactive effective date of January 1, 1996. The new CBA's dispute resolution provision mandates that employee grievances be mediated instead of arbitrated. Unlike other provisions in the new CBA that contain effective dates, which expressly differ from or precede the CBA's effective date, the mediation provision does not state an effective date independent of the CBA's effective date. Finally, the provision only provides for the mediation of grievances arising out of the new CBA. It fails to provide for the mediation of grievances, which arose during the hiatus period. Hence, HCMF is not obligated to arbitrate Dean's grievance under the new CBA.

II.

For the foregoing reasons, we hold that the district court properly concluded that HCMF and the UMWA did not contract to arbitrate employee grievances arising during the hiatus period. Accordingly, the district court's grant of summary judgment in favor of HCMF and its order enjoining the arbitration of Dean's grievance are

AFFIRMED

5